Electronically Filed
Intermediate Court of Appeals
CAAP-13-0005232
28-APR-2015
09:25 AM

NO. CAAP-13-0005232

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee,
v.
BYRON D. CHEEK-ENRIQUES, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1DTA-11-05193)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Reifurth, JJ.)

Defendant-Appellant Byron D. Cheek-Enriques (Cheek-Enriques) appeals from the Judgment entered on October 16, 2013, in the District Court of the First Circuit (District Court).[1] Cheek-Enriques was convicted of operating a vehicle under the influence of an intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2014).[2] We affirm.

---

[1] The Honorable David W. Lo presided.

[2] HRS § 291E-61(a)(3) provides:

(a) A person commits the offense of operating a vehicle under the influence of an intoxicant if the person operates or assumes actual physical control of a vehicle:

. . .

(3) With .08 or more grams of alcohol per two hundred ten liters of breath[.]

A police officer observed Cheek-Enriques's vehicle twice drifting outside its lane before jerking back and then drifting outside its lane and almost colliding with a concrete barrier. The officer stopped Cheek-Enriques's vehicle and subsequently arrested Cheek-Enriques for OVUII. After placing Cheek-Enriques under arrest, the officer read to Cheek-Enriques a form entitled "Use of Intoxicants While Operating a Vehicle Implied Consent for Testing" (Implied Consent Form). Cheek-Enriques agreed to take a breath test, which showed that he had a breath alcohol concentration of 0.155 grams of alcohol per 210 liters of breath -- a concentration that exceeded the legal limit. Cheek-Enriques moved to suppress the results of his breath test, and his motion was denied by the District Court.

On appeal, Cheek-Enriques challenges the District Court's denial of his motion to suppress. Cheek-Enriques argues that: (1) because the police failed to give him Miranda warnings before reading the Implied Consent Form to him and obtaining his decision on testing, the results of his breath test should have been suppressed as the fruit of a Miranda violation; (2) the results of his breath test should have been suppressed because the police misinformed him of his statutory right to an attorney under HRS § 803-9 (1993); and (3) the results of his breath test should have been suppressed because they were obtained in violation of the Fourth Amendment to the United States Constitution and Article I, Section 7 of the Hawai'i Constitution.

We rejected the arguments raised by Cheek-Enriques in State v. Won, 134 Hawai'i 59, 332 P.3d 661 (App. 2014), cert. granted, No. SCWC-12-0000858, 2014 WL 2881259 (Jun. 24, 2014). Based on Won, we conclude that the District Court properly denied

2

Cheek-Enriques's motion to suppress, and we affirm the District Court's Judgment.

DATED: Honolulu, Hawai'i, April 28, 2015.

On the briefs:

Jonathan Burge
for Defendant-Appellant

Brian R. Vincent
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee

Craig H. Nakamura
Chief Judge

Associate Judge

Associate Judge